UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTINA HARDWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-CV-125 |
| | ) | (JORDAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 12], and the defendant's Motion For Summary Judgment. [Doc. 14]. Plaintiff Christina Hardwick ("Hardwick") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 42 years of age when the ALJ issued his Decision in this case in August, 2011 (Tr. 23, 33). She has sixteen (16) years of work experience as the administrative assistant in the office of the Campbell County Property Assessor. Prior to that, she was a real estate sales agent (Tr. 34).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The parties have filed Memoranda [Docs. 13, 15]. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within

which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## POSITIONS OF THE PARTIES

Hardwick alleges that she has been disabled since July, 2009, due to the mental changes that she experienced following a car accident in which she feared for the safety of her young child: ". . . I also mentally just could not put in a full work week anymore" (Tr. 35-36). Specifically, Hardwick testified that although she was able, physically, to return to work, she could not return to work due to sleeplessness and concentration problems resulting from sleep problems (Tr. 37). Then approximately a year later, in June, 2010, Hardwick's teenage son was killed in an automobile accident. She attributes her continuing problems of sleeplessness and poor concentration to this event. Plaintiff has been diagnosed with post-traumatic stress disorder and depressive disorder (Tr. 36-38; 284-87).

In support of her claim, she primarily relies on the opinions of Licensed Psychologist Tracy Allred, Ed.D., ("Dr. Allred"). Dr. Allred, a consultative examiner, performed a mental evaluation of Hardwick in March, 2010 (Tr. 284-87). Dr. Allred opined that Hardwick's "ability to sustain concentration and persistence is moderately to markedly limited due to a mixture of depressive and anxiety symptoms as well as the possibility of PTSD," and that Hardwick's "Social interaction is moderately to markedly limited due to a mixture of depressive and anxiety symptoms as well as the possibility of PTSD." Finally, Dr. Allred opined that Hardwick's "ability to adapt and tolerate stress associated with daily living activities is moderately to markedly limited" for the same reasons. The Plaintiff's position is that it was error for the ALJ to afford "little weight" to Dr. Allred's opinions (Tr. 21).

The Plaintiff also argues that the ALJ erred in finding that she had no severe impairments, and also that certain evidence she submitted to the Appeals Council after the ALJ's decision warrants remand [Doc. 13].

The Commissioner's position is that the ALJ reviewed the assessment prepared by Dr. Allred and properly gave little weight to Dr. Allred's opinions on extreme or marked limitations. The Commissioner argues that all other complaints about the ALJ's Decision are not well-taken, and that the Decision is supported by substantial evidence.

## ANALYSIS AND BASIS FOR RECOMMENDATION

For the reasons that follow, the Court recommends that summary judgment in favor of the Commissioner is appropriate in this case. The Court finds that the ALJ properly reviewed and evaluated the medical evidence, giving good explanations for the weight afforded to the medical opinions of record.

### 1. The ALJ's Treatment Of Dr. Allred Is Not Error

Dr. Allred is not a treating physician. Opinions from nontreating and nonexamining sources are never assessed for "controlling weight." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). These are instead weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." Id. (citing 20 C.F.R. § 404.1527(c)).

With regard to Dr. Allred, a consultative examiner, the Court finds that the ALJ discussed this opinion, and properly weighed this opinion (Tr. 21). The ALJ found that Dr. Allred's

5

opinion of moderate limitations was entitled to little evidentiary weight, because they were not consistent with the medical evidence of record, that is, objective medical findings or treatment progress notes of record. The ALJ also concluded that the results of Dr. Allred's examination "are inconsistent with the claimant's reported daily activities," and that Dr. Allred was not a treating physician and "examined the claimant on only one occasion" (Tr. 21).

The weight afforded a doctor's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the examining relationship or treating relationship the doctor may have had with the claimant, the evidence the doctor presents to support her opinion, how consistent the doctor's opinion is with the record as a whole, the doctor's specialty, and other factors. Unlike treating sources, an opinion from an one-time examiner is not entitled to any special deference or weight. Baker v. Sec'y of Health and Human Servs., 40 F.3d 789, 795 (6th Cir. 1994); 20 C.F.R. §404.1527(c)(2).

Dr. Allred conducted a clinical interview and a mental status examination, but administered no clinical tests (Tr. 284-88). The ALJ noted that Plaintiff reported to Dr. Allred that she quit work because she "felt like she needed to leave her job and stay home with her kids" (Tr. 21).

Dr. Allred found Plaintiff was "moderately to markedly limited" in the ability to sustain concentration and persistence, engage in social interaction, and adapt and tolerate stress (Tr. 287). Plaintiff correctly notes that the ALJ did not address the complete level of limitation noted by Dr. Allred, since the ALJ only referred to "moderate" limitations, not "moderate to marked." Nor did the ALJ mention the area of adaptation.

The ALJ, however, clearly rejected Dr. Allred's opinion of moderate limitations, finding it not credible and assigning it little weight (Tr. 21). The failure to explicitly note the "moderately to markedly" limitations was at most harmless. Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 655, 657 (6th Cir. 2009). If the ALJ finds that even a moderate limitation in an area is not credible and is entitled to little weight, there certainly is no reason to think that a further discussion of an alleged marked limitation would yield any different result.

Substantial evidence supports the ALJ's conclusion, beginning with the opinions of Hardwick's treating physician, W. Reid Ball, M.D. ("Dr. Bell"). The ALJ cited Dr. Bell's notes that Hardwick was upbeat on several occasions, which demonstrated that Dr. Bell's treatment of her mild depression was successful (Tr. 19, 268, 272, 275). The ALJ correctly noted Plaintiff sought no specialized psychiatric treatment, and that her condition improved when she was taking her medications (Tr. 20, 266, 267, 268, 272, 274). The ALJ cited the fact Plaintiff worked after the alleged onset date, earning over $9,000 in 2010, which indicated her daily activities were more than she reported, and that she had the same impairments prior to her alleged onset date (Tr. 20, 95). He noted that Hardwick quit work because she wanted to stay at home with her children (Tr. 20, 284). These facts, which showed she was doing well on medication, was able to work with her impairments, and subsequently elected to stay at home, support the ALJ's determination that Dr. Allred's opinion was inconsistent with the record.

The ALJ also correctly found that the results of Dr. Allred's examination were inconsistent with Plaintiff's reported daily activities (Tr. 21, 132-39, 161-68). Hardwick reported in January 2010 that she "did everything" to care for two children and a disabled

7

husband by herself, including transporting them, cooking for a family of four, processing the mail and paying bills, and doing all indoor and outdoor work (Tr. 132-39).

Finally, the April 2010 assessment of non-examining state agency psychiatric consultant, Salley Jessee, M.D. ("Dr. Jessee"), supported the ALJ's finding of no severe mental impairment (Tr. 21, 289-302). Dr. Jessee reviewed Hardwick's medical records and opined that Hardwick had no severe mental impairment (Tr. 289). She assessed her with mild limitations in activities of daily living, social functioning, maintaining concentration, persistence or pace, and no episodes of decompensation (Tr. 299). Dr. Jessee's detailed notes indicate that she reviewed Dr. Allred's evaluation, and she cited Hardwick's statement that she elected to leave her job and stay home with her kids (Tr. 284, 301). She also noted Plaintiff's statement to Dr. Allred that the economy was too bad to be hired (Tr. 285, 301). She noted Plaintiff reported a depressed mood that lasted "3 to 4 days" (Tr. 286, 301). Dr. Jessee noted that Hardwick's reported symptoms were only "very partially credible" (Tr. 301). She noted the evidence showed that Hardwick's PTSD symptoms resolved quickly, and that she did not meet the criteria for a major depressive disorder because she did not report depression lasting more than 3 to 4 days (Tr. 286, 301). The ALJ gave Dr. Jessee's conclusions "great weight" because he found that they were supported by the medical findings and consistent with the record as a whole (Tr. 21). The Court finds no error with regard to the ALJ's evaluation.

8

Case 3:13-cv-00125-RLJ-HBG   Document 16   Filed 09/12/13   Page 8 of 13   PageID #: 442

## 2. Plaintiff Had No Severe Impairments

### (a) No Severe Physical Impairment

To determine whether Plaintiff was disabled, the ALJ properly used the five-step sequential evaluation process (Tr. 16-23). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 10, 2009 (Tr. 18). At step two, the ALJ found Plaintiff had no severe impairments (Tr. 18-19). The Plaintiff argues that there is no substantial evidence to support the ALJ's finding that she did not have severe impairments. The Court disagrees.

A severe impairment is an impairment that significantly limits a claimant's physical or mental abilities to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 404.1521(a); Social Security Ruling (SSR) 96-3p, 1996 WL 374181 (S.S.A.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). To satisfy step two of the sequential evaluation process, the impairment also must met the twelve-month duration requirement. See 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii);SSR 96-3p; Barnhart v. Walton, 535 U.S. 212, 217 (2002). The claimant bears the burden of proving an impairment is severe. See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003); Higgs, 880 F.2d at 863. The Defendant asserts that the record, as discussed by the ALJ, provides substantial evidence that Plaintiff's physical condition would not have interfered with her ability to perform basic work activities (Tr. 16-23).

Plaintiff cites Sixth Circuit precedent that indicates establishing severity at step two is a 'de minimis' hurdle, citing Higgs, 880 F.2d at 860. In response, the Defendant argues that the Sixth Circuit has also recognized in Despins v. Comm'r of Soc. Sec., 257 Fed. App'x 923, 930 (6th Cir. 2007), that "when doctor's reports contain no information regarding psychical

limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of "no severe impairment," citing Long v. Apfel, 1 Fed. App'x 326, 331 (6th Cir. 2001).

The ALJ reviewed treatment notes from Dr. Bell, who treated Hardwick from December 2005 to June 2010 (Tr. 19, 265-81, 309-10). Dr. Bell treated Plaintiff for complaints of chronic back and neck pain and prescribed hydrocodone (Tr. 19, 280, 281). Dr. Bell saw Hardwick on August 14, 2009. Referring to Hardwick, Dr. Bell writes: "She states all issues are better and she feels like she is back to normal. She wants to go back to work. She reports no other problems today." Dr. Bell released Plaintiff to return to work on August 17, 2009 (Tr. 266). Dr. Bell's release is substantial evidence that Plaintiff was able to perform basic work activities.

A physical residual functional capacity assessment (PRFC) completed in November 2010 by Frank Pennington, M.D. ("Dr. Pennington"), a state agency non-examining physician, also provides substantial evidence which supported the ALJ's decision (Tr. 21-22). Dr. Pennington concluded that Hardwick's physical impairments were "not severe, singly or combined" (Tr. 305).

**(b)    No Severe Mental Impairment**

The Court agrees with the Defendant that Hardwick failed to meet her burden of proving she had a severe mental impairment that met the twelve-month duration requirement.

Hardwick first complained to Dr. Bell about anxiety and stress in January 2008 (Tr. 276). Dr. Bell noted "Depression and anxiety secondary to increased stress," and he prescribed medication. Follow up visits with Dr. Bell were positive (Tr. 274-75). Her next visit for "increased emotionality" occurred almost one year later, on April 9, 2009 (Tr. 269). Dr. Bell

10

increased her mediation. Plaintiff returned on April 13, 2009, she reported she was "doing much better" and felt ready "to go back to work and be productive again" (Tr. 268).

On July 20, 2009, Hardwick saw Dr. Bell following a motor vehicle accident that triggered a post traumatic stress reaction when she believed her daughter had been ejected from the car (Tr. 267). She was anxious, and Dr. Bell changed her medication. On July 31, 2009, she returned, and Dr. Bell noted that the medication has helped a whole lot. On August 14, 2009, Dr. Bell released her to return to work on August 17, 2009, after she reported that "all issues are better and she feels like she is back to normal (Tr. 266).

Hardwick did not see Dr. Bell for anxiety or depression again until June 17, 2010, after her teenage son was killed in an automobile accident. Dr. Bell diagnosed her with anxiety, depression and grief, increased her mediation and added an additional medication (Tr. 310).

Regarding treatment for Hardwick's mental condition, Dr. Bell prescribed medication (Tr. 265-81, 310). The ALJ correctly noted that Plaintiff's lack of mental health treatment provided substantial evidence that she did not have a severe mental impairment (Tr. 20). 20 C.F.R. § 404.1529(c)(3)(v); Atterberry v. Sec'y of Health & Human Servs., 871 F.2d 567, 571-72 (6th Cir. 1989) (noting the lack of mental health treatment as evidence claimant did not have a severe mental impairment).

Plaintiff's lack of mental health treatment, and the noted fact that the medication she took controlled her alleged symptoms, also supports the ALJ's finding that she did not have a severe mental impairment. See 20 C.F.R. § 404.1529(c)(3)(iv); Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 2005) (noting a lack of restrictions by a treating doctor constituted substantial evidence for a finding of non-disability).

11

### 3. Evidence Submitted Post-Hearing Does Not Require Remand

Finally, Plaintiff argues that some evidence she submitted after the ALJ's decision constitutes new and material evidence requiring remand. The Court disagrees.

A Court may consider evidence submitted to the Appeals Council only to determine whether the evidence satisfies the criteria for remand under sentence six of 42 U.S.C. § 405(g). See Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010). To obtain a remand under sentence six of 42 U.S.C. § 405(g), a claimant must show that the evidence submitted to the Appeals Council is new and material and that there is good cause for not presenting the evidence to the ALJ. See Ferguson, 628 F.3d at 276.

To show that evidence submitted to the Appeals Council is material, a claimant must show that there is a reasonable probability that the ALJ would have reached a different decision if presented with the new evidence. See Ferguson, 628 F.3d at 276. Plaintiff submitted three items: an August 29, 2011 letter from Donna J. Bardsley, M.S., C.V.E., a vocational expert (Tr. 5, 194-200); medical records dated July 10, 2009 and July 2, 2010 (Tr. 5, 311-50); and a November 5, 2012 medical assessment of physical function completed by Dr. Bell (Tr. 5, 351-54). The Appeals Council reviewed this evidence and found it provided no basis for changing the ALJ's decision (Tr. 2).

The Court agrees with the Defendant's analysis of these three items of evidence. The items either are not new or there is no reasonable probability that the ALJ would have reached a different decision if presented with them.

Finally, the Court finds that Hardwick did not provide good cause for not obtaining and submitting this information to the ALJ. "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." See Ferguson, 628 F.3d at 277. Hardwick appointed an attorney as her representative on May 27, 2010 (Tr. 52). Her attorney appeared at the hearing (Tr. 30-41). Counsel could have assisted Plaintiff in submitting this information to the ALJ. Accordingly, remand pursuant to sentence six of 42 U.S.C. § 405(g) is not warranted.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 14] be **GRANTED**.[1]

                                      Respectfully submitted,

                                         s/ H. Bruce Guyton
                                      United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).