IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CHRISTINA HARDWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-CV-125 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections to the magistrate judge's report and recommendation [doc. 17]. In the report and recommendation [doc. 16], United States Magistrate Judge H. Bruce Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and should be affirmed. He recommended that plaintiff's motion for summary judgment [doc. 12] be denied and that the defendant Commissioner's motion for summary judgment [doc. 14] be granted, thus dismissing the case.

Plaintiff made application for disability insurance benefits on November 2, 2009, alleging disability beginning July 10, 2009. The claim was denied initially and upon reconsideration. Plaintiff requested and received a hearing on July 21, 2011. The administrative law judge ("ALJ") denied the claim on August 10, 2011, finding the plaintiff not disabled. The Appeals Council denied the plaintiff's request for review of the

Commissioner's decision; thus, the decision of the ALJ became the final decision of the Commissioner. This appeal followed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence is defined as 'more than a scintilla of evidence but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). "In deciding whether to affirm the Commissioner's decision, it is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record." *Rogers*, 486 F.3d at 241. "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d

388, 389-90 (6th Cir. 1999).

Pursuant to 28 U.S.C. 636(b)(1) and Federal Rule of Civil Procedure 72(b), this court has now undertaken a *de novo* review of the portions of the report and recommendation to which the plaintiff objects. Plaintiff has identified two objections: 1) that the ALJ erred in not finding any severe impairments and 2) that the ALJ failed to adequately evaluate the examining source opinion of Tracy Allred, Ed.D.

No Finding of Severe Impairments

Plaintiff argues that the ALJ erred in finding that she has no severe impairments, either physical or mental. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). The showing of a severe impairment is a "*de minimis* hurdle." *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929 (6th Cir. 2007). However, the Sixth Circuit has also noted that "[w]hen doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment." *Id.* at 930 (cases cited therein). The claimant has the burden of demonstrating that an impairment is severe. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

3

The ALJ noted that plaintiff reported daily activities that included the care of young children in the home which can be physically and emotionally demanding. He determined that plaintiff's daily activities were not limited to the extent anticipated by her complaints of limitations and disabling symptoms. The ALJ also observed that while plaintiff received treatment for her allegedly disabling symptoms, the treatment has generally been successful in controlling the symptoms. The record contains no x-rays or MRI results to substantiate plaintiff's back pain, only plaintiff's subjective complaints. In addition, the ALJ observed that while the work was not disqualifying substantial gainful activity, plaintiff did engage in work activity after the alleged onset date.

The ALJ considered the examination results of Dr. Misra who concluded that plaintiff's cervical and lumbar spine were intact with full range of motion; straight leg testing was negative; and there was normal lower extremity strength with no evidence of atrophy. Dr. Bell, plaintiff's treating physician from 2005 to 2010, provided treatment for chronic back and neck pain by prescribing hydrocodone. On August 14, 2009, Dr. Bell saw plaintiff, and his notes provide, "She states all issues are better and she feels like she is back to normal. . . . She wants to go back to work. She reports no other problems today." Dr. Bell's notes from the August 14, 2009 visit also state, "Return to work 08/17/09." The ALJ also considered Dr. Pennington's review of plaintiff's medical records in connection with a physical residual functional capacity assessment. In November 2010, Dr. Pennington found that plaintiff had no severe impairments. Accordingly, the ALJ concluded that his

4

determination that the plaintiff does not have a severe physical impairment is substantiated by the medical evidence in the record, *i.e.*, the medical record does not support plaintiff's position that she has a severe physical impairment.

Plaintiff also argues that the ALJ erred in failing to find that she has a severe mental impairment. In reaching this conclusion, the ALJ considered that the plaintiff had not sought psychiatric treatment beyond prescription medication for depression/anxiety, which she received from her primary care physician in late 2009. *Atterberry v. Sec. of Health & Human Servs.*, 871 F.2d 567, 571-72 (6th Cir. 1989) (claimant's lack of treatment from psychologist or psychiatrist supports finding of no severe psychological impairment). In addition, the ALJ noted that plaintiff reported improvement on the medication.

The ALJ also considered, and as discussed below gave little weight to, the opinions of the consultative examining physician Dr. Allred. Plaintiff reported to Dr. Allred that she quit work because she needed to stay home with her children. A State agency psychological consultant, Dr. Jessee, reported that plaintiff had previously noted that her stress had resolved quickly and that her depression does not last more than 3 to 4 days. Dr. Jessee also noted that plaintiff had been working and took care of two children and a disabled husband. Thus, Dr. Jessee assessed plaintiff with non-severe mental impairments. The ALJ found that this conclusion is supported by the medical evidence and is consistent with the record as a whole, giving it great weight. The ALJ accordingly concluded that plaintiff did not have any impairment that significantly limited her mental ability to do basic work

5

activity.

The court finds that there is substantial evidence in the record to support the ALJ's decision that the plaintiff does not suffer from a severe physical or mental impairment. Plaintiff's objection will be overruled.

Evaluation of Examining Source Opinion

Plaintiff argues that the ALJ failed to adequately evaluate the examining source opinion of Tracy Allred, Ed.D when he rejected Dr. Allred's opinion. She further contends that the ALJ did not fully comply with Social Security Ruling 96-6p ("SSR 96-6p") in connection with his consideration of Dr. Allred's opinion.

SSR 96-6p addresses the longstanding policies that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairments(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge . . . level[] of administrative review" and that "[a]dministrative law judges . . . may not ignore these opinions and must explain the weight given to these opinions in their decisions." 1996 WL 374180 at *1. Further, the ruling provides that ALJs must consider the findings of fact by such examiners and consultants regarding the "nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists"; however, ALJ's "are not bound by findings made by State agency or other program physicians and

6

psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id*. at *2. The ruling also states that:

> the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge . . . level[] that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist.

*Id*.

In his decision, the ALJ stated that in reaching his decision he considered opinion evidence in accordance with SSR 96-6p. The ALJ considered Dr. Allred's opinion and found her determinations regarding the claimant's ability to do work related activities not credible because they "are inconsistent with the medical evidence of record." [TR 21]. The ALJ also found that Dr. Allred's determination that the claimant had "moderate impairment in the ability to sustain concentration and interact socially is not supported by the objective medical findings or treating progress notes of record." *Id*. The ALJ further found that Dr. Allred's examination results "are inconsistent with the claimant's reported daily abilities." *Id*.

Contrary to plaintiff's contention, the ALJ did not fail to comply with SSR 96-6p in his consideration of Dr. Allred's opinion, nor did he improperly reject her opinion. The

7

ALJ did not ignore the opinion as he devoted a lengthy paragraph in his decision to a discussion of Dr. Allred's findings and explained his reasons for rejecting them. The ALJ explained that Dr. Allred's determinations were not credible because they were not consistent with the medical evidence in the record and the claimant's reported daily activities. This finding is consistent with the requirements of SSR 96-6p. The court finds no error in the ALJ's consideration of Dr. Allred's opinions, and plaintiff's objection will be overruled.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant the defendant Commissioner's motion for summary judgment; and dismiss this case. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge